ANITA SCHROEDER, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

Third District    No. 3—87—0574

Opinion filed May 11, 1988.

HEIPLE, J., dissenting.

Carol Pentuic, of Prairie State Legal Services, Inc., of Rock Island, and Bernard Shapiro, of Prairie State Legal Services, of Rockford, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Anita Schroeder, and her husband, David, operate a grain and dairy farm near Coal Valley, Illinois. Plaintiff also works as a nurse. In May 1986, plaintiff applied for food stamps for herself, her husband and their nine dependent children at the Rock Island County office of defendant Illinois Department of Public Aid. When her initial claim was denied on the ground of excess gross income, plaintiff sought administrative review before a hearing officer of the Department of Public Aid (the Department). Prior to this review, defendant conceded that it had erroneously included as income certain crop insurance proceeds that should have been considered a resource in the month received. The hearing officer received the county department's recalculation of plaintiff's household income and expenses and determined that plaintiff was entitled to a coupon allotment of $451 for the month of May 1986, but still ineligible for the month of June. Plaintiff pursued her appeal by filing a complaint in the circuit court of Rock Island County on grounds that the Department's calculations still contained errors which, if corrected, would increase the allotment for May and entitle her to stamps for June as well.

Despite the parties' prior agreement on the issue of crop insurance proceeds, the trial court, after reviewing the record and hearing arguments of counsel, determined that the Department had erroneously excluded $21,505 in crop insurance proceeds from its gross income calculation and that when such income was included, plaintiff was ineligible for both months in question. Plaintiff has perfected her appeal to this court. Plaintiff has framed multiple issues for our consideration; however, at oral argument counsel for defendant conceded to plaintiff's positions with the exception of plaintiff's treatment of the crop insurance proceeds. With respect to the crop insurance proceeds, the Department, having previously conceded that the money be treated as a resource in the month received, is now arguing that it is income.

The issue before us requires that we construe applicable Federal law. Title 7 of the United States Code, chapter 51, section 2014(d), of the Food Stamp Act (Act), provides in relevant part: "Household income for purposes of the food stamp program shall include all income from whatever source excluding only *** moneys received in the form of nonrecurring lump-sum payments, including, but not limited to, income tax refunds, rebates, or credits, retroactive lump-sum social security or railroad retirement pension payments and retroactive lump-sum insurance settlements: Provided, That such payments shall be counted as resources, unless specifically excluded by other laws." (7 U.S.C. §2014(d) (1982).) Income eligibility standards for the food stamp program are further clarified in title 7, chapter II, part 273, of the Federal regulations. Under "income exclusions," the regulation lists "[m]oney received in the form of a nonrecurring lump-sum payment, including, but not limited to *** lump-sum insurance settlements ***. These payments shall be counted as resources in the month received, in accordance with §273.8(c) unless specifically excluded from consideration as a resource by other Federal laws." 7 C.F.R. §273.9(c)(8) (1987).

The crop insurance settlement is, unquestionably, the type of nonrecurring lump-sum payment generally referred to in both the statute and its corresponding regulation. It is the Department's position on appeal, however, that the statute, which further qualifies insurance settlements as "retroactive," thereby exempts crop insurance settlement proceeds from the exception specified in 7 U.S.C. §2014(d)(8) (1982). The Department contends that crop insurance proceeds are not retroactive payments because they merely replace the loss of "future market opportunities" or "future earnings." The Secretary of Agriculture's regulation, the argument continues, is an invalid broadening of the statute because it lacks the qualifying language that appears in the Act.

▆ We reject the Department's current interpretation for several reasons. First, we note that the subsection of the Act which refers to nonrecurring lump-sum payments is specifically couched in nonexclusive language, i.e., "including, but not limited to," etc. Thus, even if the subsection specifically lists "retroactive" lump-sum insurance settlements as an income exclusion, it does not necessarily exempt crop insurance settlement proceeds from the general category of "nonrecurring lump-sum payments."

Moreover, we believe the Department's definition of "retroactive" is too strained to comport with the category of income exclusions contained within the subsection. We do not find the term "retroactive"

particularly obscure. In Webster's Third New International Dictionary, the word is defined simply as "having relation or reference to or efficacy in a prior time." (Webster's Third New International Dictionary 1940 (1971).) It is apparent to us that Congress intended to exclude from "income" lump-sum insurance settlements to the extent that they do not represent benefits primarily of a prospective nature. Crop insurance protects farmers from crop losses, not losses on the grain futures market. Proceeds from crop insurance are payable upon proof that the crop has already been lost, not what may be lost in the future. There is nothing in the record before us that would indicate that the amount of such proceeds is in any way dependent on events or other factors which might transpire subsequent to the loss of the crop. Thus, it follows that a lump-sum crop insurance settlement represents a "retroactive" payment. As such, the payment should be treated as a "resource," and not as "income," for purposes of determining eligibility under the Food Stamp Act. 7 U.S.C. §2014(d)(8) (1982).

Having determined that the crop insurance settlement here at issue is, indeed, "retroactive," as that term is used in the Act, we need not address the Department's alternative argument that the Secretary's regulation (7 C.F.R. §273.9(c)(8) (1987)) is an impermissible broadening of the exclusion allowed by Congress. Nevertheless, we note in this regard that the Secretary's interpretation of "income" and exclusions under the Act is entitled to "a considerable level of deference." (*Blinzinger v. Lyng* (7th Cir. 1987), 834 F.2d 618, 620.) And, even were we to find that the "retroactiveness" of crop insurance settlements is a fairly debatable question, we would defer to the Secretary's reasonable interpretation in 7 C.F.R. §273.9(c)(8) (1987) and conclude that the proceeds in question should be excluded from income and treated as a resource in the month received.

■ Lastly, we find no merit to the Department's argument that Congress' decision to include crop insurance proceeds as income for Federal income tax purposes (26 U.S.C. §451(a), (d) (1982)) is some indication that it should be treated likewise for purposes of the Food Stamp Act. The fact that Congress chose not to enumerate in subsection 2014(d)(8) every conceivable subspecies of excludable retroactive lump-sum insurance settlement does not detract from our determination that Congress intended the result we have reached. Obviously, the purposes of the two statutes are inapposite—the food stamp program purports to promote better nutrition for low-income households (*Knebel v. Hein* (1977), 429 U.S. 288, 50 L. Ed. 2d 485, 97 S. Ct. 549, and the Internal Revenue Code purports to raise revenue. We find

significance as well in the fact that income and resource eligibility for the food stamp program is calculated on a month-to-month basis, whereas the Revenue Act requires taxpayers to perform, at most, a quarterly calculation.

For the foregoing reasons, we reverse the judgment of the circuit court of Rock Island County. However, because the court made no findings with respect to several other issues raised by plaintiff and which now appear to have been conceded by the Department, we must remand this cause to the circuit court of Rock Island for further proceedings.

Reversed and cause remanded.

STOUDER, P.J., concurs.

JUSTICE HEIPLE, dissenting:

Plaintiff and her husband are farmers. Plaintiff applied for food stamps. Food stamps were denied due to excess income, which included $21,505 in crop insurance proceeds paid as the result of a crop loss. The majority opinion, in finding plaintiff entitled to food stamps, holds that the crop insurance proceeds should not have been counted in measuring income; rather, that these proceeds constituted a resource. Indisputably, had the $21,505 been received from a sale of crops and not from insurance due to a crop loss, plaintiff would have been ineligible for food stamps. The majority ruling, bluntly, is a departure from commonly accepted accounting principles, and from common sense.

Section 2014(d) of the Food Stamp Act contains an all-encompassing statement concerning income for food stamp eligibility purposes. It states that household income "shall include all income from whatever source." (7 U.S.C. §2014(d) (1982).) Subsection 8 lists certain items which are to be excluded in computing household income, one of them being retroactive lump-sum insurance settlements, provided that these items are included as resources for purposes of determining food stamp eligibility. (7 U.S.C. §2014(d)(8) (1982).) Hence, the crop insurance proceeds at issue in the instant case must either be categorized as income or as a resource. Plainly, the proceeds are more likened to income than a resource.

The Food Stamp Act does not define income. However, income has been defined as "[t]he return in money from one's business, labor, or capital invested; gains, profits, salaries, wages." (Black's Law Dictionary 687 (5th ed. 1979).) On the other hand, a resource is cash that

can be obtained from the sale or exchange of another resource (*Watkins v. Blinzinger* (7th Cir. 1986), 789 F.2d 474, *cert. denied sub nom. Diamond v. Blinzinger* (1987), 481 U.S. 1038, 95 L. Ed. 2d 816, 107 S. Ct. 1976), or it is the exchange of one asset for another. For example, if a family sells its refrigerator and receives $100, that money is a resource, or to use the trial court's example, if the family's garage burns down and it receives an insurance check to replace the garage, that check is a resource.

Crop insurance is designed to protect farmers from loss of income due to the destruction of growing crops. The crop insurance proceeds received by the plaintiff in this case did nothing more than replace a field of destroyed growing crops. The proceeds compensated the plaintiff for the return in money she would have received from the farming business had the crops been sold. The income the plaintiff would have received from the sale of the crops, had they not been destroyed, would have rendered her ineligible for food stamps. By labeling the crop insurance proceeds a resource, the majority has rendered the plaintiff eligible for food stamps, although she is in financially as good a position as she would have been had the crops been sold. Such a result is ludicrous. Accordingly, I dissent.